Submitted on record and briefs February 1, reversed and remanded
March 19, 2008

Deadra HALL,
*Petitioner,*

*v.*

CITY OF PORTLAND,
*Respondent.*

Land Use Board of Appeals
2007170; A137574

180 P3d 135

Peggy Hennessy and Reeves, Kahn & Hennessy filed the brief for petitioner.

Kathryn S. Beaumont, Senior Deputy City Attorney, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

PER CURIAM

## PER CURIAM

Petitioner Hall seeks review of an order and opinion of the Land Use Board of Appeals that dismissed her administrative review proceeding as untimely. Petitioner sought LUBA review of a limited land use decision by the City of Portland design commission. ORS 197.830(9) requires a person seeking review of a local government land use decision or limited land use decision to file a notice of intent to appeal with LUBA "not later than 21 days after the date the decision sought to be reviewed becomes final." OAR 661-010-0015(1)(a), a LUBA administrative rule, reiterates the statutory filing deadline. OAR 661-010-0010(3) defines "final decision":

> "A decision becomes final when it is reduced to writing and bears the necessary signatures of the decision maker(s), unless a local rule or ordinance specifies that the decision becomes final at a later date, in which case the decision is considered final as provided in the local rule or ordinance."

The city moved to dismiss the LUBA appeal, arguing that the notice of intent to appeal the limited land use decision to LUBA was filed after the 21-day appeal period provided in ORS 197.830(9). The city asserted that the design review decision was reduced to writing and signed on August 2, 2007, the date of the public hearing on the decision, and that the LUBA appeal was filed more than 21 days later. The decision states that it was "rendered" on August 2, 2007. The decision is signed by the commission chair, but the signature is undated. The decision states that it was mailed on August 15, 2007. The city provided no proof, beyond the undated decision itself, of when the document was signed.

LUBA accepted the city's assertions as true, concluded that "the decision became final August 2, 2007," and dismissed the appeal as untimely. On review, and based on "additional investigation," the city concedes that the decision was signed sometime after August 2, 2007 and that "LUBA erred in ruling the City's decision became final on August 2, 2007 and this ruling is not supported by substantial evidence

in the record." We accept that concession and separately conclude that, without evidence of when the decision was signed, the city's motion lacked the necessary evidentiary support to carry the city's burden of proof. LUBA erred in adopting a factual finding as to the date the decision became final when that finding was not supported by substantial evidence in the record before LUBA. ORS 197.850(9)(c).

Reversed and remanded.